**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DEREK N. JARVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-14-3290 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION a/k/a EEOC, | * | |
| | * | |
| Defendant. | | |

***

**MEMORANDUM AND ORDER**

Plaintiff filed the complaint in this case, ECF No. 1, on October 21, 2014, together with a motion to proceed in forma pauperis, ECF No. 2. Because he appears indigent, Plaintiff's motion shall be granted.

Plaintiff is suing the Equal Employment Opportunity Commission ("EEOC"), a federal agency, for failing to find discriminatory conduct on the part of certain businesses that declined to hire Plaintiff for a job. Plaintiff asserts he was not hired because of his race and that the EEOC permitted this conduct to go unchecked when it did not take any action against the potential employers. Plaintiff's claims are asserted under 42 U.S.C. §§ 1983, 1985, and 1986. Additionally, he alleges the EEOC was negligent in the handling of his claim and engaged in fraud.

A federal defendant is the proper subject of a *Bivens*[1] claim, not a § 1983 claim. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[1] *Bivens* "'established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). Thus, "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Id.*

On that basis, given that Plaintiff is proceeding *pro se*, I will construe his § 1983 claim as a *Bivens* claim. *See Cash v. United States*, 2012 WL 6201123, at \*9 (D. Md. Dec. 11, 2012) (noting that the Court has the authority to "recharacterize the claims as under *Bivens*"); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (liberal construction due to *pro se* complaint); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (same). Fed. R. Civ. P. 1. Yet, a plaintiff cannot bring a *Bivens* action against a federal agency, because "'[a]ny remedy under *Bivens* is against federal officials individually, not the federal government.'" *Ndiaye v. Baker*, ---- F. Supp. 3d ----, 2014 WL 4457228, at \*5 (D. Md. Sept. 9, 2014) (quoting *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)); *see* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (emphasis added)); *FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994) (holding that *Bivens* should not be extended to federal agencies); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* [ ] action does not lie against . . . agencies . . . ."). The EEOC is the only defendant named and is a federal agency, not a "person."

Federal agencies also are immune to suit under § 1985(3) because they are not "persons." *McKenzie v. United States*, No. 1:11-387, 2014 WL 2481903, at \*6 (S.D. W. Va. June 3, 2014) (adopting findings and recommendations of magistrate judge); *see* 42 U.S.C. § 1985(3) ("If two or more *persons* in any State or Territory conspire [to] . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." (emphasis added). Further, because 42 U.S.C. § 1986 creates a cause of action for damages against any individual who knew of and could have prevented a

§ 1985 conspiracy, but neglected to act, *Burnett v. Grattan*, 468 U.S. 42, 44 n.5 (1984), if a

"§ 1985 claim is meritless, the § 1986 claim fails as well," *Brissett v. Paul*, 141 F.3d 1157

(Table), 1998 WL 195945, at *3 (4th Cir. 1998).

Additionally, Plaintiff's state law claims are limited by the Federal Tort Claims Act

("FTCA"). Under the FTCA, the United States is liable, to the extent a private person would be,

for "injury or loss of property, or personal injury or death caused by the negligent or wrongful

act or omission of any employee of the Government while acting under the scope of his office or

employment." 28 U.S.C. § 1346(b)(1). But, the FTCA exempts, *inter alia*, "claims arising out

of . . . slander, misrepresentation, [and] deceit." *See* 28 U.S.C. § 2680(h). Also, a plaintiff may

not sue a federal agency for negligence without first complying with the exhaustion requirements

of the FTCA by filing an administrative claim. 28 U.S.C. § 2675. It is well-settled that the

requirement of filing an administrative claim is jurisdictional and may not be waived. *Kielwien v.*

*United States*, 540 F.2d 676, 679 (4th Cir. 1976). There is no indication in the complaint that

Plaintiff complied with the administrative claim requirement.

Even if Plaintiff did in fact comply with the administrative claim requirement for his

negligence claim, the FTCA, as a waiver of sovereign immunity, is to be narrowly construed.

*See United States v. Nordic Village, Inc.*, 503 U. S. 30, 34 (1992). Immunity is not waived for

any claim based upon "the exercise or performance or the failure to exercise or perform a

discretionary function or duty on the part of a federal agency or an employee of the Government,

whether or not the discretion involved be abused." 28 U.S.C. § 2680(d). This discretionary

function exception covers acts that involve an element of judgment or choice. *United States v.*

*Gaubert*, 499 U.S. 315, 322 (1991). To determine if a particular act falls within the exception, a

court first must determine whether it involved an element of judgment or choice. If so, the court

must go on to determine if the decision is the kind that the exception was designed to shield. *Berkovitz v. United States*, 486 U. S. 531, 536 (1988). "[I]f a regulation mandates particular conduct, and the employee obeys the direction, the Government will be protected because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation." *Gaubert*, 499 U. S. at 324. Plaintiff's claim against the EEOC involves decisions made by that agency that involved its officers' judgment or choice. Thus, it falls within the discretionary function exception of the FTCA, *see id.* at 322, and this Court lacks jurisdiction under the FTCA. *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 971 (4th Cir. 1992).

Accordingly, it is this 12th day of November, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The complaint IS DISMISSED for failure to state a claim upon which relief may be granted;

3. The Clerk SHALL PROVIDE a copy of this order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

_____
Paul W. Grimm
United States District Judge